ENTERED NOV 0 6 2014

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-45
5/7/2014

BRIAN AND DEBORAH DALLAIRE, )
                                )
            Plaintiffs,          )
v.                               )
                                )
VIKING RIVER CRUISES, et al.    )
                                )
            Defendants.          )

ORDER ON DEFENDANT'S
MOTIONS MOTION FOR
SUMMARY JUDGMENT

## I.      Background

On April 17, 2012, Plaintiffs Brian and Deborah Dallaire contacted Beth Rogers at

TravelWise to learn about possible cruise options in China after seeing an advertisement in a

travel magazine for Viking River Cruises. (Def. Supp. S.M.F. ¶ 1.) Defendants had used Ms.

Rogers services previously to arrange another trip. (Def. Supp. S.M.F. ¶ 2; Pl. Opp. S.M.F. ¶ 2.)

Rogers consulted Viking on Plaintiffs' behalf and obtained a "Booking Itinerary", which she did

not, at the time, share with Plaintiffs. (Def. Supp. S.M.F. ¶ 3; Pl. Opp. S.M.F. ¶ 3.) The Booking

Itinerary stated that the deposit had to be made directly to Viking by April 19, 2012, and if

Viking did not receive the deposit by that date, then the booking would be cancelled. (Def. Supp.

S.M.F. ¶¶ 4, 5). Plaintiff never heard of this requirement, and no deposit was made by April 19,

2012. (Def. Supp. S.M.F. ¶ 6.) At some point after April 22, 2012, Beth Rogers contacted

Plaintiffs about payment. (Def. Supp. S.M.F. ¶ 7.) On April 30, 2012, Plaintiffs provided Rogers

with a check made out to TravelWise for the entire purchase price of the trip. (Def. Supp. S.M.F.

¶¶ 8, 9.) Ms. Rogers never paid Viking in full. (Def. Supp. S.M.F. ¶ 10.)

Plaintiffs now seek recovery of the $27,548 check to TravelWise. Plaintiffs and Defendants

have filed cross motions for Summary Judgment.

## II.      Standard of Review

1

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Beal v. Allstate Ins. Co., 989 A. 2d 733, 738 (Me. 2010); Dyer v. Department of Transportation, 951 A.2d 821, 825 (Me. 2008). When reviewing a motion for summary judgment, the court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. Id.

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. Reliance National Indemnity v. Knowles Industrial Services Corp., 2005 ME 29, ¶7, 868 A.2d 220; citing Univ. of Me. Found. V. Fleet Bank of Me., 2003 ME 20, ¶20, 817 A.2d 871. Furthermore, "a fact is material if it could potentially affect the outcome of the case." Id.

III. Discussion

Plaintiffs allege that Beth Rogers at TravelWise acted both as Plaintiffs' agent and as an agent of Defendant Viking River Cruises. Plaintiff argues that as Rogers principal, Defendant Viking River Cruises should be held liable for fraud and breach of contract caused by Rogers' failure to inform Plaintiffs of the April 19, 2012 deposit due date and the failure of Rogers and/or TravelWise to use Plaintiff's check to secure tickets for their travel with Defendant Viking River Cruises.

The Restatement of Agency Third defines agency as follows:

> Agency is the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act.

Restatement (Third) Of Agency § 1.01 (2006). Additionally, the Restatement further discusses what defines a "broker", or agent with two separate principals. See Id. at §§ 3.14, 3.16. In the case of a travel agent, the Restatement states that where a travel agent is authorized to accept

2

payment on behalf of the airline, the travel agent is both the agent of the traveler and the airline. Restatement (Third) Of Agency § 3.14, cmt. c (2006). ("[A] travel intermediary who purchases a plane ticket for a prospective traveler acts as the prospective traveler's agent in buying the ticket. If an airline authorizes the intermediary to issue tickets on its behalf and to collect and hold customer payments, the intermediary acts as the airline's agent in so doing.") Otherwise, the travel agent is solely the agent of the traveler. Id.

In the case at hand, Rogers was not authorized by Defendant Viking River Cruises to accept payment on its behalf. Defendant Viking River Cruises required all payments be made directly to Viking River Cruises. Therefore, Rogers was not acting as an agent of Defendant Viking River Cruises in the transaction, but solely as the agent of Plaintiffs.

Plaintiffs argue that by telling Rogers that Defendant Viking River Cruises agreed to a price for the cruise if the deposit was paid by a certain date, that Defendant Viking River Cruise created an agency relationship with Rogers. Plaintiffs argue that because Defendant Viking River Cruise ratified the transaction it became liable, rather than Rogers and TravelWise. The court finds that merely conveying information to the traveler's agent does not show that the cruise company created an agency relationship with the travel agent. Viking River Cruises had not authorized Rogers or TravelWise to accept payment or issue tickets on its behalf; therefore the court finds that there was no agency relationship. Because Rogers was not acting as an agent of Defendant Viking River Cruises, there is no theory of liability under which Plaintiffs could recover from Defendant Viking River Cruises.

Plaintiff also makes a claim of apparent agency, arguing that Defendant Viking River Cruises held Rogers and/or TravelWise out as its agent. A claim of apparent agency includes four elements: (1) the defendant either intentionally or negligently held a person out as their agent for

3

services, (2) the plaintiff did in fact believe the person to be an agent of the defendant, (3) the plaintiff relied on the defendant's manifestation of agency, and (4) the plaintiff's reliance was justifiable. Levesque v. Cent. Maine Med. Ctr., 2012 ME 109, n. 7, 52 A.3d 933; (*citing* Restatement (Second) of Agency § 267 (1958): "One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.")

While Plaintiffs may have believed that Rogers and TravelWise represented Defendant, Defendant did not hold Rogers and/or TravelWise out as its agent. Plaintiffs went to Rogers at TravelWise in order to book the Viking River Cruise because they had used her as a travel agent before for other trips with other cruise lines. When they went to see her about this specific cruise with Viking River Cruises that they learned about in a magazine, they did not have reason to believe that Rogers or TravelWise had a relationship with Viking River Cruises beyond her general role as a travel agent. Plaintiff Brian Dallaire stated "I decided, since Beth is an agent of a number of different cruises, to go talk to her about it because she seemed to know." (Dallaire Dep. 5:23-25). Plaintiffs actively sought out TravelWise and Rogers because of their past dealing with her, not because of any action on the part of Viking River Cruises. Had the magazine advertisement that notified Plaintiffs of Viking River Cruises suggested the use of TravelWise, or had TravelWise been the exclusive method for purchase of Viking River Cruises, these would be indications that Viking River Cruises held TravelWise out as its agent. However, because Defendant Viking River Cruises did not take any action to suggest the use of TravelWise or Rogers in the purchase of cruise tickets, the court finds that Defendant did not hold TravelWise

4

or Rogers out as its agent. Defendant Viking River Cruises is entitled to judgment as a matter of law.

IV.     Conclusion

The court grants Defendant Viking River Cruise's Motion for Summary Judgment.

The court denies Plaintiffs' Motion for Summary Judgment.

Date:     5/7/14

_____
John O'Neil, Jr.
Justice, Superior Court